IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SCOTT EDWARD ZIEGLER,    Case No. 13-cv-609-pp

　　　　　　　Petitioner,

v.

JIM SCHWOCHERT,

　　　　　　　Respondent.

**ORDER SCREENING COMPLAINT AND REQUIRING A RESPONSE**

I. **INTRODUCTION**

On May 31, 2013, Scott Edward Ziegler, representing himself, filed a petition for *habeas* corpus relief pursuant to 28 U.S.C. §2254. Dkt. No. 1. With the petition, he filed a motion asking the court to appoint counsel to represent him. Dkt. No. 3. Within the motion to appoint counsel, the petitioner indicated that he had "two pending petitions in the Wisconsin State Court System," and asked the court to hold his case "in abeyance" until the state court resolved those petitions and while the petitioner "attempted to exhaust all grounds/issues in state court." Id.

On June 7, 2013, Judge Adelman, to whom this case was assigned at that time, screened the petition. Dkt. No. 6. While the court found that it did "not plainly appear that the petitioner is not entitled to relief in the district court," it ordered the respondent to indicate whether he "oppose[d] Ziegler's

1

request for stay and abeyance." Id. at 1-2. On July 2, 2013, the respondent indicated that it did not oppose the petitioner's request. Dkt. No. 12.

On July 12, 2013, Judge Adelman stayed the case "pending the conclusion of petitioner's state-court proceedings." Dkt. No. 13. The court ordered the petitioner to "inform the court and the respondent every ninety days of the status of his state-court cases," and to notify the court and the respondent "[w]ithin thirty days after the conclusion of his state-court proceedings." Id. Since that order, the petitioner has consistently updated the court and the respondent on the status of his state court proceedings. See Dkt. Nos. 14-19; 21-25; 28-34; 37; and 39-40. On December 30, 2014, the case transferred to Judge Pepper. On August 26, 2015, the petitioner filed his most recent status report. Dkt. No. 40. When reviewing that document, the court reviewed the entire case history.

## II. SCREENING THE PETITION

While Judge Adelman already has indicated, in his June 6, 2013 screening order, that the plaintiff may proceed on the complaint in general, Dkt. No. 6, this court has screened the petition with regard to the specific claims.

   A.   It appears that the petitioner has exhausted his state court remedies.

In order to decide whether to allow this case to move forward, the court first must determine whether the petitioner appears, on the face of his complaint, to have exhausted his state remedies. Section 2254 states, "An application for a writ of habeas corpus on behalf of a person in custody

2

pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State . . . ." The United States Court of Appeals for the Seventh Circuit has held that a district court judge cannot consider the merits of a petitioner's habeas argument "unless the state courts have had a full and fair opportunity to review them." Farrell v. Lane, 939 F.2d 409, 410 (7th Circ. 1991). This means, basically, that before a person can get a federal judge to review his arguments on a habeas petition, that person first must appeal the issue all the way up to the highest court in the state for a ruling on the merits. Lieberman v. Thomas, 505 F.3d 665, 669 (7th Cir. 2007) (citations omitted).

According to the petition, a jury in Waukesha County Circuit Court convicted the petitioner of repeated first degree sexual assault, interference with child custody, two counts of child enticement, second degree sexual assault with use of force, seven counts of second degree sexual assault of a child, and two counts of child abuse. Dkt. No. 1 at 2. The judge sentenced the petitioner to thirty-five years of incarceration and twenty years of extended supervision. Id. The petitioner asserts that he filed an appeal with the Wisconsin Court of Appeals on April 15, 2011, and that the court of appeals certified the case to the Supreme Court of Wisconsin on November 16, 2011. Id. at 3. On July 3, 2012, the Supreme Court of Wisconsin denied the appeal and affirmed the convictions. Id. A review of the petitioner's state court docket on the Wisconsin Court System Circuit Court Access ("CCAP") confirms these dates and rulings. State of Wisconsin v. Ziegler, No. 2008CF000120.

3

The state-court docket also reveals that the petitioner went on to file several petitions for habeas corpus relief with the state court, with the Wisconsin Court of Appeals, and with the Supreme Court of Wisconsin. At each level, the courts denied his petitions. The petitioner also filed a post-conviction motion, which the state court denied, and which the Wisconsin Court of Appeals and the Wisconsin Supreme Court affirmed. The final dismissal by the Wisconsin Supreme Court occurred on June 3, 2015.

Finally, the petitioner indicates that the petitioner did not file a petition for certiorari in the United States Supreme Court. Dkt. No. 1 at 4. The deadline for him to have done so would have passed on October 1, 2012—ninety days after the Wisconsin Supreme Court's judgment became final. See Sup. Ct. R. 13(1).

Based on the assertions the petitioner makes on the face of his petition, based on the status reports provided by the petitioner, and based on this court's review of the petitioner's state-court docket, it appears that the petitioner has exhausted his state remedies. The court notes, however that it has not made a full review of whether the plaintiff properly exhausted his claim or whether he has procedurally defaulted on the claim; the respondent may raise objections to exhaustion or default in his pleadings.

B. The petitioner has raised a claim for which federal habeas relief might be available.

The petition consists of one hundred and seven pages, listing sixty-eight grounds for relief. Dkt. No. 1. Each of the sixty-eight grounds focuses on one claim—that the petitioner's state-court trial and appellate lawyers were

ineffective, and thus that he was denied his Sixth Amendment right to effective assistance of counsel. This court agrees with Judge Adelman that the petitioner has alleged sufficient facts to assert a plausible Sixth Amendment right to counsel claim, and the court will allow him to proceed on that claim.

### III. CONCLUSION

For the above reasons, the court **ORDERS** that the petitioner may proceed on one claim, ineffective assistance of counsel in violation of his rights under the Sixth Amendment.

The court **ORDERS** that within sixty (60) days of the date of this order, the respondent shall **ANSWER OR OTHERWISE RESPOND** to the petition, complying with Rule 5 of the Rules Governing §2254 Cases, and showing cause, if any, why the writ should not issue.

The court **ORDERS** that the parties must comply with the following schedule for filing briefs on the merits of the petitioner's claims:

(1) the petitioner has **forty-five (45) days** after the respondent files his answer to file his brief in support of his petition;

(2) the respondent has **forty-five (45) days** after the petitioner files his initial brief to file the respondent's brief in opposition; and

(3) the petitioner has **thirty (30) days** after the respondent files his opposition brief to file a reply brief, if the petitioner chooses to file such a brief.

If, instead of filing an answer, the respondent files a dispositive motion, the respondent must include a brief and other relevant materials in support of the motion. The petitioner then must file a brief in opposition to that motion

5

within **forty-five (45) days** of the date the respondent files the motion. If the respondent chooses to file a reply brief, he must do so within **thirty (30) days** of the date the petitioner files the opposition brief.

Pursuant to Civil Local Rule 7(f), briefs in support of or in opposition to the habeas petition and any dispositive motions shall not exceed **thirty (30)** pages, and reply briefs may not exceed **fifteen (15)** pages, not counting any statements of facts, exhibits and affidavits.

Pursuant to the Memorandum of Understanding between the Attorney General and this court, the court will send a copy of the petition and this order to the Attorney General for the State of Wisconsin and to the Warden of Dodge Correctional Institution.

Dated at Milwaukee, this 8th day of October, 2015.

BY THE COURT:

_____
HON. PAMELA PEPPER
United States District Judge