IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SCOTT EDWARD ZIEGLER,   Case No. 13-cv-609-pp

  Petitioner,

v.

JIM SCHWOCHERT,

  Respondent.

**ORDER GRANTING PETITIONER'S MOTION FOR RECONSIDERATION (DKT. NO. 43) AND APPOINTING COUNSEL FOR A LIMITED PURPOSE**

**I.   INTRODUCTION AND PROCEDURAL HISTORY**

On May 31, 2013, Scott Edward Ziegler, representing himself, filed a petition for habeas corpus relief pursuant to 28 U.S.C. §2254. Dkt. No. 1. With the petition, he filed a motion asking the court to appoint counsel to represent him. Dkt. No. 3. In the motion, the petitioner indicated that he had "two pending petitions in the Wisconsin State Court System," and asked the court to hold his case "in abeyance" until the state court resolved those petitions and while the petitioner "attempted to exhaust all grounds/issues in state court." Id.

On June 7, 2013, Judge Adelman, to whom this case was assigned at that time, screened the petition. Dkt. No. 6. While Judge Adelman found that it did "not plainly appear that the petitioner is not entitled to relief in the district court," he ordered the respondent to indicate whether he "oppose[d] Ziegler's

1

request for stay and abeyance." Id. at 1-2. On July 2, 2013, the respondent indicated that he did not oppose the petitioner's request. Dkt. No. 12.

On July 12, 2013, Judge Adelman stayed the case "pending the conclusion of petitioner's state-court proceedings." Dkt. No. 13. The court ordered the petitioner to "inform the court and the respondent every ninety days of the status of his state-court cases," and to notify the court and the respondent "[w]ithin thirty days after the conclusion of his state-court proceedings." Id. Since the date of that order, the petitioner has consistently updated the court and the respondent on the status of his state court proceedings. See Dkt. Nos. 14-19; 21-25; 28-34; 37; and 39-40. On December 30, 2014, the case transferred to Judge Pepper. On August 26, 2015, the petitioner filed his most recent status report. Dkt. No. 40. In the process of reviewing that document, the court reviewed the entire case history. Based on that review, on October 8, 2015, the court determined that the petitioner had exhausted his state court remedies and lifted the stay. Dkt. No. 41. The court ordered that the respondent file a responsive pleading and set a briefing schedule. Id. at 5-6.

On October 13, 2015, the petitioner filed two documents. First, in a "letter," the petitioner indicated that he continues to try to exhaust all of his claims in state court, including "two motions" that "involve obtaining Discovery (Brady) material." Dkt. No. 42. The petitioner asked:

> If the Wisconsin Court of Appeals/Supreme Court deny my appeals of the circuit court decision, can I appeal only these decisions to the federal court system to compel the state to release

2

the documents/records I need? If so, how would I go about doing this? Are there forms or a [*pro se*] packet that you could send me?

-OR-

My federal habeas corpus petition is currently stayed. Would I just make the denial of these motions a part of my habeas corpus petition?

-OR-

After I've done what I can do in state court, would I then file some type of prehabeas [sic] motion in the federal court to address these issues before I ask that the stay was lifted? Are there forms or [*pro se*] packets to do this?

How do I obtain the documents and records that I need to complete my state and federal claims without disturbing the stay that's been placed on my habeas corpus petition?

Id. These questions demonstrate the petitioner's desire to understand the process and to proceed in a manner allowed by the rules and the law. His pleadings are riddled with questions like these, but the court is not his attorney. To answer these questions, the court would have to give him legal advice, which it cannot do.

Second, the petitioner filed a "response," asserting that he is not ready to proceed with his federal habeas corpus petition "because [he is] still pursuing [his] state court remedies." Dkt. No. 43. The court must give the petitioner's *pro se* allegations a liberal construction. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). Therefore, the court construes this response as a motion for reconsideration of the court's decision lifting the stay. For the reasons stated below, the court will grant the motion to reconsider, and will appoint counsel for the limited purpose of

3

helping the petitioner determine what claims he intends to bring in federal court, whether or not he has exhausted those claims in state court, and how he would like to proceed with his federal habeas petition.

## II. STAY AND ABEYANCE

When reviewing the petition, the court found that while the petitioner had listed sixty-eight grounds for relief, each of those grounds "focuse[d] on one claim—the petitioner's state-court trial and appellate lawyers were ineffective, and thus that he was denied his Sixth Amendment right to effective assistance of counsel." Dkt. No. 41 at 4-5. With his most recent letter, the petitioner asserts that he might also raise "discovery" or Brady issues, but the bulk of the petitioner's response focuses on his appellate counsel's ineffective assistance.

The law does not allow this court to consider a habeas petition that contains both exhausted and unexhausted claims (also known as a "mixed" petition). Rose v. Lundy, 455 U.S. 509, 510 (1982). In Rhines v. Weber, 544 U.S. 269, 277 (2005), however, the Supreme Court held that a district court can hold a mixed petition in "stay and abeyance," but "only in limited circumstances." The district court can grant a stay only if the petitioner has demonstrated "good cause" for his "failure to exhaust his claims first in state court," and "the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless." Id. (citation omitted).

4

"Stay and abeyance is available when: (1) there was good cause for the petitioner's failure to exhaust his claim first in state court; (2) the unexhausted claim is potentially meritorious; and (3) the petitioner did not engage in intentionally dilatory litigation tactics." Eison v. Baenen, No. 12-CV-932, 2013 WL 1067989, at *2 (E.D. Wis. Mar. 14, 2013) (citing Rhines, 544 U.S. at 277-78). Further, "[a]ny stay should include reasonable time limits on a petitioner's trip to state court and back." Id. Finally, "if the court determines that stay and abeyance is inappropriate," the court should allow the petitioner "to dismiss any unexhausted claims and proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair his right to obtain federal habeas review." Id.

The court has no evidence before it to indicate that the petitioner has engaged in any intentional dilatory litigation tactics. Nor can the court conclude that the claims he indicates he has not exhausted (discovery and Brady claims) are clearly meritless. The petitioner has not explained why he did not raise these claims before the state court at the same time he raised his ineffective assistance of counsel claims, but he asserts that he still has "avenues" available to him. The court understands that this petitioner wants to cover all of his bases and that he has worked diligently to pursue his state-court avenues since the court stayed his federal case on July 12, 2013. At this point, the court cannot tell exactly what claims the petitioner has yet to exhaust, or whether there was good cause for his failure to exhaust his remedies as to those claims in the two years that this case has been stayed.

5

Understanding that the area of exhaustion of claims is confusing, the court will give the petitioner one more chance to make clear to the court which claims he believes he has not exhausted, and to provide good cause for failure to exhaust those claims.

### III. APPOINTMENT OF COUNSEL

In his response to the order lifting the stay, the petitioner references his previous requests for appointment of counsel, Dkt. No. 43 at 2, and indicates that he "sent the court at least 15 or 20 rejection letters that [he] received from attorneys who . . . declined to take [his] case on a probono [sic] basis," id.

On May 31, 2013, the petitioner filed a motion to appoint counsel, Dkt. No. 3, which the court denied without prejudice on June 7, 2013, Dkt. No. 6. On June 2, 2014, the petitioner filed a letter asking the court to reconsider the appointment of counsel. Dkt. No. 23. He indicated that he understood that he needed to "make a reasonable attempt to obtain counsel on [his] own," and stated that he "sent out over 60 letters requesting probono [sic] assistance on [his] case." Id. With the letter, the petitioner attached ten letters from attorneys who declined to represent him. Dkt. No. 23-2.

The Criminal Justice Act allows a court to appoint counsel for a person seeking relief under §2254 if "the court determines that the interests of justice so require" and if the person is "financially eligible." 18 U.S.C. §3006A(a)(2). Appointment of counsel for *habeas* petitioners is within the district court's discretion, and is governed by standards similar to those followed with plaintiffs proceeding *in forma pauperis* in civil cases. Wilson v. Duckworth, 716

6

F.2d 415, 418 (7th Cir. 1983); Jackson v. County of McLean, 953 F.2d 1070, 1071 (7th Cir. 1992). The Seventh Circuit has found that "due process does not require appointment of counsel for indigent prisoners pursuing state postconviction remedies or federal habeas relief." Pruitt v. Mote, 503 F.3d 647, 657 (7th Cir. 2007). While "an indigent civil litigant may ask the district court to request an attorney to represent him *pro bono publico*," "no constitutional or statutory right to court-appointed counsel" exists "in federal civil litigation." Id. at 649. Based on its review of the petitioner's pleadings, the court concludes that the petitioner is financially unable to employ counsel. Dkt. Nos. 2-3, 23.

To determine whether it will appoint counsel in a *habeas* case, the court asks: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate himself?" Id. at 654. The Seventh Circuit has not explicitly defined "reasonable attempt to obtain counsel." It has affirmed one court's requirement that the petitioner provide the names and addresses of at least three attorneys that the petitioner reached out to and who turned him down. Romanelli v. Suilene, No. 07-C-19, 2008 WL 4681778 (W.D. Wis. Mar. 23, 2007), aff'd, 615 F.3d 847, 852 (7th Cir. 2010). The court finds that the rejection letters that the petitioner received from ten attorneys demonstrate that he has made a reasonable attempt to obtain counsel. Dkt. No. 23-2. Based on the petitioner's frequent status updates and his response to the court's order lifting the stay, the court finds that the petitioner cannot, at this stage in the proceeding, litigate this case

7

himself. As a result, the court finds that appointment of counsel to represent the petitioner is appropriate because "the interests of justice so require." 18 U.S.C. §3006A(a)(2)(B).

Therefore, the court grants the petitioner's request for appointment of counsel. Dkt. No. 23. The court requests that the Federal Public Defender make the arrangements for the appointment of counsel for the petitioner. The court notes, however, that it grants the appointment of counsel only for a limited purpose. The court asks that counsel assist the petitioner in amending his petition to include a succinct statement of the claims he intends to bring in his federal *habeas* case, a statement of whether he has exhausted those claims in federal court, and if he has not, an explanation of good cause for his failure. The court also asks counsel to assist the petitioner in deciding—and stating-- how he would like to proceed (does he want the court to continue the stay, to lift the stay and proceed on the exhausted claims, to dismiss the petition, etc.).

In light of the this decision, the court also will vacate the October 8, 2015 scheduling order. See Dkt. No. 41. Once the Federal Public Defender arranges appointment of counsel for the defendant and counsel makes an appearance in the case, the court will enter an order setting a deadline by which the petitioner must file his updated claims and position on the stay.

The court **GRANTS** the petitioner's motion for reconsideration (Dkt. No. 43).

The court also **GRANTS** the petitioner's motion for appointment of counsel (Dkt. No. 23). The court will send a copy of this order to the Federal

8

Case 2:13-cv-00609-PP   Filed 10/16/15   Page 8 of 9   Document 44

Public Defender to make the necessary arrangements for the appointment of counsel for the petitioner.

The court **VACATES** the October 8, 2015 scheduling order (Dkt. No. 41), and will enter new deadlines once counsel for the petitioner makes an appearance in this case.

Dated at Milwaukee, this 16th day of October, 2015.

BY THE COURT:

HON. PAMELA PEPPER
United States District Judge

9

Case 2:13-cv-00609-PP   Filed 10/16/15   Page 9 of 9   Document 44